**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONALD BROGDON,                         :
                                        :
        Petitioner,                 :
                                        :
  VS.                              :    **7:14-CV-45 (HL)**
                                        :
BRIAN OWENS,                            :
                                        :
        Respondent.                 :
                                        :

**RECOMMENDATION**

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed.   (Doc. 15).   Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").   The Petition was effectively filed on March 18, 2014. (Doc. 1).

In June of 2001, Petitioner pleaded guilty to two counts of armed robbery.   (Doc. 18-1). On July 3, 2001, Petitioner was sentenced to a prison term of sixteen years on Count 1, and a sentence of sixteen years, eight years served in confinement and eight years served on probation, on Count 2, to run consecutively to Count 1.   (Doc. 18-2).   It does not appear from the record that Petitioner appealed his convictions or sentences.

Petitioner executed a state habeas petition in the Superior Court of Calhoun County on June 10, 2002.   (Doc. 18-3).   After an evidentiary hearing was held, the petition was denied on May 8, 2003.   (Doc. 18-4).   There is no evidence that Petitioner filed an application for a certificate of probable cause to appeal the denial.   Petitioner executed a second state habeas petition in the Superior Court of Wheeler County on June 16, 2005.   (Doc. 18-5).   The second state petition was dismissed as successive on October 27, 2005.   (Doc. 18-6).   There is no evidence that Petitioner filed an application for a certificate of probable cause to appeal the dismissal of his second state habeas petition.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.   Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".   The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

Petitioner filed this habeas Petition challenging his June 2001 guilty pleas and July 3, 2001 sentences.   There is no evidence that Petitioner filed a direct appeal, making the judgments of convictions final on August 2, 2001, the date on which the 30-day period for filing a notice of appeal expired.[1]   Petitioner executed his first state habeas petition June 10, 2002 (Doc. 18-3), which was 312 days after his state convictions and sentences became final.   The tolling provision of § 2244(d)(2) was therefore initiated on June 10, 2002.

Petitioner's state habeas petition was denied on May 8, 2003 (Doc. 18-4), and the petition became final on June 9, 2003[2], the date on which the 30-day period for filing an application for a certificate of probable cause to appeal expired.   *See* O.C.G.A. § 9-14-52(b).   As of June 9, 2003, Petitioner's state habeas petition was no longer pending, and the AEDPA clock began to run again. *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004).

The AEDPA clock had run for 312 days prior to Petitioner filing his first state habeas petition, and thus Petitioner had 53 days remaining from June 9, 2003 (for a total of 1 year), that is, until August 1, 2003, in which to file this federal habeas Petition or toll the limitations period under § 2244(d)(2).   Petitioner did not file his second state habeas petition until June 16, 2005

---

[1] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

[2] The thirty (30) day time period expired on Saturday, June 7, 2003, giving Petitioner until June 9, 2003 to file his application for a certificate of probable cause to appeal.

(Doc. 18-5), which could have reinitiated the tolling period.   *See Drew v. Dep't. of Corrections*, 297 F.3d 1278, 1284 (11th Cir. 2002) ("A successive petition can . . . toll the statute of limitations").   His second state habeas petition was filed more than two years after the AEDPA clock began to run again, which was well after Petitioner's federal habeas period of limitations ran. Thus, Petitioner's second state habeas petition does not protect Petitioner by reinitiating the tolling provision.   *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).

In his Response to Respondent's Motion to Dismiss, Petitioner asserts his plea was involuntary and his sentence is void; thus, he is entitled to equitable tolling.   (Doc. 19).   A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).

Petitioner's claim that his plea was involuntary was known by and available to Petitioner at the time the trial court imposed the challenged sentences.   There is no allegation that some extraordinary circumstance stood in Petitioner's way and prevented timely filing.   As such, Petitioner has not shown that he is entitled to equitable tolling because his plea was allegedly involuntary.   *See Robinson v. Reynolds*, 2010 WL 1416067, *4 (M.D. Ala., March 12, 2010) (finding the petitioner's claim that his guilty plea was unlawfully induced/involuntary was properly subjected to the one-year period of limitations mandated by federal law)

As Petitioner did not file this federal habeas Petition until more than one year after his convictions became final and has not shown that he is entitled to equitable tolling, his federal habeas Petition is untimely.   Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 7th day of August, 2014.


s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf