IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DONALD BROGDON,

    Petitioner,

v.

BRIAN OWENS,

    Respondent.

Civil Action No. 7:14-CV-45 (HL)

## ORDER

Before the Court is Petitioner's Motion for Reconsideration (Doc. 35) of the Court's February 24, 2015 Order finding Petitioner's Notice of Appeal untimely. (Doc. 34). On September 10, 2014, this Court entered an order and judgment dismissing Petitioner's motion for writ of habeas corpus. (Docs. 22-23). Petitioner thereafter filed a notice of appeal dated October 29, 2014. (Doc. 24). However, he asserted that he delivered a notice of appeal to prison authorities for mailing on September 16, 2014. Noting that Petitioner's appeal was untimely, yet concerned that there may be an evidentiary issue regarding the timing of Petitioner's delivery of his notice to prison authorities, the Eleventh Circuit Court of Appeals *sue sponte* remanded the case to the district court for the limited purpose of determining whether Petitioner delivered his notice of appeal prior to the expiration of the time to appeal. (Doc. 30).

Then, on January 28, 2015, this Court ordered Respondent to provide the Court with the mail log or any other relevant evidence relating to Petitioner's delivery of his notice of appeal to prison officials for filing. (Doc. 31). Petitioner responded by affidavit, alleging again that he received the Court's order denying his request for habeas relief on September 15, 2014. (Doc. 32). On September 16, 2014, Petitioner allegedly requested that prison authorities mail his notice of appeal. After discovering that his appeal was not properly transmitted to the court, Petitioner claims that he filed a grievance pertaining to prison official's negligence in mailing his notice of appeal. While Petitioner filed a copy of the receipt he received upon appealing the decision resulting from his grievance, which is dated December 19, 2014, Petitioner presented no evidence of when he filed the original grievance or whether the grievance had any relation to the prison's failure to process his mail.

According to the prison mail log provided by Respondent, the first record of Petitioner delivering anything to the mailroom for filing in the Eleventh Circuit was docketed on October 15, 2014, five days after the October 10th appeal deadline. Consistent with the post-mark found on the envelope in which Petitioner mailed his notice of appeal to this Court, which shows a date of October 31, 2014 (Doc. 24-1), Petitioner delivered a document for mailing to the district court on October 30, 2014, again well outside the period in which he was required to pursue his

appeal. Based on this information, the Court found that Petitioner's notice of appeal was not timely filed and directed that the record, as supplemented, be returned to the Eleventh Circuit for further proceedings.

Local Rule 7.6 provides that motions for reconsideration "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Thus, the court will only grant such a motion when the movant demonstrates: "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." Mason v. Georgia, 2013 WL 3227935, at *1 (M.D. Ga. June 25, 2013) (citing McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997)).

Plaintiff has not produced any new evidence or pointed to any manifest error of law or fact in the Court's order. Plaintiff merely reiterates arguments previously presented to the Court. Finding no other basis on which the court should alter or amend the judgment, Plaintiff's motion is denied.

The Court further notes that on May 1, 2015, the Eleventh Circuit issued a final order finding Petitioner's notice of appeal to be untimely and dismissing

Petitioner's appeal for lack of jurisdiction. This order effectively rendered the foregoing motion moot.

**SO ORDERED**, this the 15th day of June, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks